FILED

2007 Aug-28  AM 10:23
U.S. DISTRICT COURT
N.D. OF ALABAMA



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| **TAMMY C. ATKINS, an individual;** | ) |
| **And DANNY J. ATKINS, an individual** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CIVIL ACTION NO:**_____ |
| | ) |
| **CREDIT CONTROL SERVICES, INC;** | ) |
| **HOLLOWAY CREDIT BUREAU** | ) |
| **COMPANIES, LLC;** | ) |
| **WALDROP AND ASSOCIATES PC;** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT**

**COME NOW** the Plaintiffs by and through counsel, in the above styled cause, and for their Complaint against the Defendants they state as follows:

**Jurisdiction & Venue**

1.      This is an action brought by two consumers for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"])[1] regarding inaccurate entries on their credit reports and violations of other applicable federal laws by Defendants, all of whom are considered to be "debt collectors" under the FDCPA. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331

2.      The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same

---

[1] Any reference to the Fair Debt Collection Practices Act or any part thereof encompasses all relevant parts and subparts thereto.

case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

3.      The Plaintiff, Tammy C. Atkins ("Tammy" or "Plaintiff"), is a natural person who resides within the Northeastern Division of this District.

4.      The Plaintiff, Danny J. Atkins ("Danny" or "Plaintiff"), is a natural person who resides within the Northeastern Division of this District.

5.      Defendant Credit Control Services, Inc.[2] ("CCS" or "Defendant") is a foreign company that engages in the collection of debts in this District.

6.      Defendant Holloway Credit Bureau Companies, LLC[3] ("Holloway" or "Defendant") is a domestic company that engages in the collection of debts in this District.

7.      Defendant Waldrop & Associates PC ("Waldrop" or "Defendant") is a domestic company that engages in the collection of debts in this District.

8.      Plaintiffs filed a bankruptcy in 2004, which was converted to a Chapter 7 on or about May 18, 2006.  Plaintiffs were discharged on or about August 23, 2006, with all Defendants (and/or the original creditors) receiving a copy of the discharge order.  The case number was 04-85811-JAC13 and it was filed in the Northern District Bankruptcy Court.

9.      Despite the court order, all Defendants have continued to report Plaintiffs' accounts to one or more of the three national consumer-reporting agencies ("CRAs") as having a current balance owed and not showing the accounts as being discharged in bankruptcy as follows:

---

[2] Also known as "Credit Collection Services".

[3] Formerly known as "Credit Bureau of Huntsville, LLC".

    a.  CCS shows a balance for two separate accounts on Tammy's Trans Union report;

    b.  Holloway shows a balance on four separate accounts on Tammy's Trans Union report;

    c.  Waldrop & Associates shows a balance on sixteen separate accounts on Tammy's Trans Union report;

    d.  Credit Bureau shows a balance on four (4) separate accounts on Danny's Equifax report.

10.    Despite the court order[4], CCS has continued to report Tammy's accounts (17659XXX and 18807XXX) to Trans Union, a CRA, as having a current balance owed of approximately $772 and $170, respectively, which is incorrect and false.

11.    Despite the court order, Holloway has continued to report four (4) of Tammy's accounts to Trans Union, one of the National CRAs, as having a current balance owed, which is incorrect and false. The accounts are as follows:

    a.  # 2141XXX - $139

    b.  # 1204XXX - $75

    c.  # 1224XXX - $170

    d.  # 1329XXX - $55

12.    Despite the court order, Waldrop has reported sixteen (16) of Tammy's accounts to Trans Union, a CRA, as having a current balance owed, which is incorrect and false. The accounts are as follows:

    a.  # 2477XXX - $362

---

[4] CCS appears to be collecting for or the owner of debts allegedly owed by Plaintiff Tammy to Nationwide Insurance. Nationwide was listed on the creditor matrix and based upon information and belief forwarded notice of the bankruptcy and the discharge to CCS, which has updated the trade lines as recently as June of this year.

     b.  # 2571XXX - $110

     c.  # 2575XXX - $279

     d.  # 2794XXX - $275

     e.  # 3474XXX - $134

     f.  # 3475XXX - $468

     g.  #3543XXX - $209

     h.  #3546XXX - $537

     i.  # 3624XXX - $406

     j.  # 4004XXX - $205

     k.  # 4008XXX - $116

     l.  # 4211XXX - $784

     m.  # 4215XXX - $109

     n.  # 4287XXX - $813

     o.  # 4367XXX - $ 191

     p.  # 4659XXX - $115

13.    Despite the court order, Holloway has continued to report four (4) of Danny's accounts to Equifax, a CRA, as having a current balance owed, which is incorrect and false.  The accounts are as follows:

     a.  # 234XXX - $139

     b.  # 165XXX - $524

     c.  #156XXX - $48

     d.  # 121XXX - $110

14.   Defendants have intentionally not reported to the CRAs that the accounts were included in bankruptcy and that they should have a zero balance.

15.   Defendants have intentionally and maliciously refused to report the true balance to the CRAs when Defendants knew that the debts were discharged in bankruptcy.

16.   The effect of these errors on Plaintiffs' credit reports has been to negatively impact their credit report, credit worthiness, and credit scores.

17.   The conduct of the Defendants has proximately caused Plaintiffs past and future monetary loss, past and future damage to their credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

18.   Defendants knew and know that a discharge order means the Plaintiffs no longer owe the debts and are no longer personally liable for the debt and the Defendants have no right to attempt to collect the debt as is being done here by these Defendants.

19.   Despite this knowledge, Defendants have each made a corporate decision to willfully and maliciously act contrary to their knowledge in their calculated decision to violate the requirements to properly update the Plaintiffs' accounts.

20.   The Defendants have a policy and procedure to refuse to properly update credit reports of consumers, like the Plaintiffs, who have discharged the debts.  The reason is to keep false information on the credit report.  The false information consists of a balance shown as owed (when Defendants have known since discharge that no balance is owed) and intentionally refusing to show a current status of "included in bankruptcy" or "discharged in bankruptcy."

21.     Defendants update numerous accounts each month with allegedly the correct information regarding the balance but have willfully and maliciously refused to do so with Plaintiffs and with other consumers who are similarly situated who have also received a discharge order on Defendants' debts.

22.     The Defendants have willfully and maliciously failed to report the account as having a "0" balance as required by 16 CFR § 607 (6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

23.     The Defendants have promised through their subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy but the Defendants have willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the Fair Credit Reporting Act (FCRA), FDCPA, federal law and state law which has resulted in the intended consequences of this information remaining on Plaintiffs' credit reports.

24.     The Defendants have a policy to "park" their accounts on at least one of the Plaintiffs' credit reports.  This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

25.     In the context of parking an account, the Defendants have an obligation and duty under federal and state law to accurately report the balance and the Defendants willfully and maliciously refuse to do so.

26.     The credit reports of Plaintiffs have been accessed since the discharge and therefore the false information of the Defendants has been revealed to third parties – which is what the Defendants intended to happen.

27.     When the consumer pays the "parked" account, the Defendants claim that such payment was purely "voluntarily" or was to pay off a "moral obligation".  The Defendants know and intend that by willfully and maliciously parking the account on the credit report, illegal payment can be extorted from the consumer.

28.     Despite receiving disputes that the Defendants' reporting on accounts included in bankruptcy was false, the Defendants intentionally and knowingly have not corrected their policy of keeping false and damaging information on at least one of the Plaintiffs' credit reports.

29.     It is a practice of Defendants to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the FCRA, FDCPA, federal and state law.

30.     All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

31.     All actions taken by Defendants were done with malice, were done wantonly, recklessly, intentionally or willfully, and were done with either the desire to harm Plaintiff and/or

with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the law.

32.    Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and such Defendants are subject to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendants and similar companies.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

33.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

34.    Defendants, who are debt collectors under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

a.    Falsely reporting a balance owed on Plaintiffs' credit report;

b.    Falsely attempting to collect a debt (through the reporting of a balance) when there is no legal right to collect the discharged debt; and

c.    Refusing to update the account to remove the false information from the credit reports.

35.    Plaintiffs have been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

36.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

37.     Defendants assumed a duty, through the subscriber agreement with the CRAs and by other actions, to accurately report the balances after individuals, like the Plaintiff, received a discharge.

38.     Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

39.     It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update would cause the exact type of harm suffered by the Plaintiff.

40.     Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiffs as set forth in this Complaint.  This includes the initial reporting of Defendants' accounts; the handling of any investigations on the accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

41.     Defendants invaded the privacy of Plaintiffs as set forth in Alabama law, including publishing false information about Plaintiffs' personal financial obligations.

42.     Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

## RELIEF SOUGHT

43.     An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

44.     Plaintiffs also request all further relief to which they are entitled, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**

**Attorney for Plaintiffs**

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL  35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiffs**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
(205) 714-7177  *facsimile*
msh@mstanherringlaw.com

**PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

**CREDIT CONTROL SERVICES, INC**
**c/o The Corporation Company**
**2000 Interstate Park Drive**
**Suite 204**
**Montgomery, Alabama 36109**

**HOLLOWAY CREDIT BUREAU COMPANIES, LLC**
**c/o Kent L. Holloway**
**807 Franklin Street**
**Huntsville, Alabama 35801**

**WALDROP AND ASSOCIATES PC**
**c/o Raymond D. Waldrop, Jr.**
**108 South Side Square**
**Suite "A"**
**Huntsville, AL 35801-4529**